# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| MAXOTECH SOLUTIONS LLC | § |
| | § |
| v. | §     CIVIL ACTION NO. 3:20-CV-1387-S |
| | § |
| PAMTEN INC., PRADEEP | § |
| KARUVARIL, LOKESH SUKHADEO | § |
| SORATE, and KIRAN KUMAR KASI | § |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendants Pradeep Karuvaril, Kiran Kumar Kasi, and Lokesh Sukhadeo Sorate's Rule 12(2)(b) Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction ("Motion to Dismiss") [ECF No. 26]. For the following reasons, the Court GRANTS the Motion to Dismiss.

### I.     BACKGROUND

Plaintiff MaxoTech Solutions LLC ("MaxoTech") is a Texas company that provides consulting and information technology services. First Am. Compl. ("Compl.") ¶ 12. Defendant PamTen, Inc. ("PamTen") is a technology solutions and consulting company incorporated and headquartered in New Jersey. Mot. to Dismiss ("Mot.") ¶ 2. Defendants Kiran Kumar Kasi ("Kiran") and Pradeep Karuvaril ("Pradeep") are employees of PamTen who reside in New York or New Jersey.[1] Compl. ¶¶ 3, 5; Mot. ¶ 2. Defendant Lokesh Sukhadeo Sorate ("Lokesh") is a New York resident who worked for MaxoTech during the time period relevant to this lawsuit. Compl. ¶¶ 4, 9; Mot. 3.

---

[1] The First Amended Complaint states that Kasi is a resident of New Jersey. Compl. ¶ 5. But Kiran states he is a resident of New York. Defs.' App. in Supp. of Defs.' 12(b)(2) Mot. to Dismiss ("Defs.' App.") Ex. A (Declaration of Kiran Kumar Kasi) ¶ 2. Because the Court resolves all factual disputes in Plaintiff's favor, the Court will assume that Kasi is a resident of New Jersey, but whether Kasi resides in New Jersey or New York does not impact the personal jurisdiction analysis.

In April 2018, MaxoTech entered into a third-party consulting agreement ("Supplier Agreement") with PamTen. Compl. ¶ 13; Mot. ¶ 1. The Supplier Agreement provides that PamTen (identified as "Supplier") would supply MaxoTech with personnel candidates for use with MaxoTech's clients. Compl. ¶ 14; Pl.'s Ex. 23.

Pursuant to the Supplier Agreement and various work orders, PamTen placed Kiran and Pradeep with MaxoTech to work as consultant "SharePoint developers" at an agreed hourly rate of payment. Compl. ¶¶ 8, 10, 15; Pl.'s Ex. 30-33. Kiran is the consultant identified in three work orders, dated April 12, 2018, October 16, 2018, and June 14, 2019, each of which incorporate the terms and conditions of the Supplier Agreement ("Kiran Work Orders"). Pl.'s Ex. 30-32. Pradeep is the consultant identified in the Statement of Work ("Pradeep SOW"), dated May 13, 2019, that states it is to be performed under the terms and conditions of an undefined "Master Services Agreement" between MaxoTech and PamTen. *Id.* at 33. MaxoTech claims the "Master Services Agreement" refers to the Supplier Agreement, which Defendants dispute. Compl. ¶ 8; Pl.'s Ex. 22; Defs.' Answer Pl.'s First Am. Compl. ("Defs.' Answer") ¶ 8. Kiran and Pradeep are not parties to, and did not sign, these agreements. Pl.'s Ex. at 30-33.

Separately, Pradeep and Lokesh each entered into agreements directly with MaxoTech. Pradeep entered into a Non-Compete Agreement, dated May 10, 2019 ("Pradeep Agreement"). *Id.* at 42. Although there are signature blocks for MaxoTech and Pradeep, MaxoTech did not sign the Pradeep Agreement. *Id.* at 44. Lokesh entered into an Employment Agreement, dated July 23, 2018, which incorporates an offer letter and annex ("Lokesh Agreement"). *Id.* at 36. Although the Employment Agreement and offer letter include signature blocks for MaxoTech and Lokesh, MaxoTech did not sign. *Id.* at 35, 37.

MaxoTech alleges that Defendants interfered with the Supplier Agreement, Pradeep Agreement, Kiran Work Orders, and Lokesh Agreement by conspiring to violate these agreements, tortiously interfering with MaxoTech's client relationships, and providing services to MaxoTech's clients without MaxoTech's authorization. Compl. ¶ 48. MaxoTech filed the present action in the 162nd Judicial District Court of Dallas County, Texas, and Defendants timely removed to this Court on the basis of diversity jurisdiction. *See* Notice of Removal. Based on the foregoing allegations, MaxoTech brings causes of action for: (1) breach of contract; (2) tortious interference with existing contracts; and (3) tortious interference with prospective relations. Compl. ¶¶ 39-55.

In response, PamTen alleges that MaxoTech has failed to pay for work performed by PamTen's employees pursuant to the Supplier Agreement, Pradeep SOW, and applicable work orders. PamTen Inc.'s Am. Counterclaim ¶ 10. PamTen brings counterclaims for: (1) breach of contract; and (2) unjust enrichment and quantum meruit; and (3) attorney's fees. *Id.* ¶¶ 12-18. Pradeep, Kiran, and Lokesh move to dismiss MaxoTech's claims, alleging that this Court does not have personal jurisdiction over them.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows defendants to move to dismiss claims for lack of personal jurisdiction. The plaintiff bears the burden of making a prima facie showing that a court has personal jurisdiction over a defendant. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014). In considering a motion to dismiss pursuant to Rule 12(b)(2), the court must accept the plaintiff's "uncontroverted allegations, and resolve in its favor all conflicts." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

Because Texas's long-arm statute extends to the limits of federal due process, this Court has personal jurisdiction over a nonresident defendant so long as the assertion of jurisdiction comports with the Due Process Clause of the United States Constitution. *See Sangha v. Navig8*

3

*ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). Personal jurisdiction can be general or specific. *See Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). General jurisdiction allows a court to hear any claim against a nonresident defendant, and it exists when that defendant's "affiliations with [Texas] are so 'continuous and systematic' as to render them essentially at home in [Texas]." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "Establishing general jurisdiction is 'difficult' and requires 'extensive contacts between a defendant and a forum.'" *Sangha*, 882 F.3d at 101-02 (quoting *Johnston*, 523 F.3d at 609).

"In order for a . . . court to exercise specific jurisdiction, 'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017) (first alteration added) (quoting *Daimler AG*, 571 U.S. at 127). "Such activity or occurrence must 'create a substantial connection with the forum State,'" and without such "connection, 'specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.'" *Inmar Rx Sols., Inc. v. Devos, Ltd.*, 786 F.App'x. 445, 448 (5th Cir. 2019) (5th Cir. 2019) (first quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014); and then quoting *Bristol-Myers Squibb*, 137 S. Ct. at 1781)).

In evaluating whether due process allows the exercise of specific jurisdiction, courts consider:

(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). The minimum contacts analysis

4

is fact intensive, and the touchstone is "whether the defendant's conduct shows that it 'reasonably anticipates being hauled into court'" in the forum state. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quoting *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006)). "Because 'specific personal jurisdiction is a claim-specific inquiry,' '[a] plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim.'" *Inmar Rx*, 786 F.App'x. at 448-49 (quoting *McFadin*, 587 F.3d at 759). Once the plaintiff demonstrates that the defendant has minimum contacts with the forum and that the action arises out of those contacts, the burden shifts to the defendant to show that the exercise of jurisdiction is "unfair and unreasonable." *Sangha*, 882 F.3d at 102.

## III.    ANALYSIS

### A.    *Enforceability of Unsigned Agreements*

Two of the agreements at issue—the Pradeep Agreement and Lokesh Agreement—are signed by only one party. Pradeep and Lokesh each signed their respective agreement, but MaxoTech did not sign. Pl.'s Ex. 35, 37, 44. Under Texas law, an agreement signed by only one party can be effective if the other party accepts by acts, conduct, or acquiescence to the terms of the contract. *Halmos v. Digital Motorworks, Inc.*, No. 01-51264, 2003 WL 147529, *2 (5th Cir. Jan. 6, 2003) (citation omitted); *see also DeFranceschi v. Seterus, Inc.*, Civil Action No. 4:15-cv-870-O, 2016 WL 6496327, *3 (N.D. Tex. Oct. 25, 2016) ("The rule in Texas is, that a contract in writing signed by one party and expressly accepted orally by the other, or the terms thereof performed and the benefits thereof accepted, is in law the written contract of the parties and binding on both.") (quotation omitted). Defendants admit that Pradeep and Lokesh entered into their respective agreements, but deny without explanation that these agreements are enforceable. Defs.' Answer ¶¶ 8-9, 25, 31. Defendants, however, do not allege any conduct by MaxoTech that would call into question its acceptance of the Pradeep Agreement and Lokesh Agreement. Furthermore,

MaxoTech states that it performed pursuant to these agreements, which Defendants do not dispute. Compl. ¶ 42. Therefore, accepting MaxoTech's uncontroverted allegations as true and resolving all conflicts in its favor, the Court finds that the Pradeep Agreement and Lokesh Agreement are binding on both parties for purposes of considering personal jurisdiction.

## B.   *Personal Jurisdiction*

The moving Defendants contend that this Court does not have personal jurisdiction over them because they reside in New York, performed all work in New York, and signed the agreements at issue in New York. Mot. ¶¶ 2-8. They also claim that they performed all work related to the lawsuit for MaxoTech's client Regeneron Pharmaceuticals, Inc. ("Regeneron"), a New York corporation headquartered in New York. *Id.* ¶¶ 4, 7-8. In short, Defendants assert they have no connection to Texas.[2] *Id.* ¶¶ 1-8.

MaxoTech does not dispute these specific assertions. Nevertheless, MaxoTech claims that the moving Defendants are subject to this Court's general jurisdiction because they have regular and systematic contacts with Texas. Compl. ¶¶ 8-10. MaxoTech further claims that Defendants are subject to this Court's specific jurisdiction because they purposefully availed themselves of the protections and benefits of Texas by establishing minimum contacts with the state. Resp. 4. The crux of MaxoTech's argument is that: (1) Pradeep and Kiran are subject to the Supplier Agreement's forum-selection and choice-of-law clause; (2) Pradeep is subject to the Pradeep Agreement's choice-of-law clause; and (3) Lokesh is subject to the Lokesh Agreement's choice-of-law clause. Compl. ¶¶ 8-10.

---

[2] Kiran states that he lived in Fort Worth, Texas from approximately 2015 to 2016, but did not perform any work for PamTen or MaxoTech during that time and presently has no connections with Texas. Defs.' App. Ex. A (Declaration of Kiran Kumar Kasi) ¶ 2.

6

## (1) *Forum-Selection Clause*

MaxoTech contends that Kiran and Pradeep are bound by the Supplier Agreement's forum-selection clause because they were supplied to MaxoTech pursuant to the Supplier Agreement and work orders that incorporate the terms of the Supplier Agreement. Compl. ¶ 11. The forum-selection clause states the following:

22. Laws

This Agreement shall be governed by the laws of the State of Texas without respect to its conflict of law provisions. Any lawsuits pertaining to this Agreement, or to the services provider, shall be brought in the federal or state courts in Dallas County. Supplier consents to the exercise of personal jurisdiction over it by such courts.

Pl.'s Ex. 28. Kiran and Pradeep contend that because they were not parties to, did not sign, and were not third-party beneficiaries of the Pam Ten Agreement, they cannot be bound by its terms. Mot. ¶ 19.

There is a presumption that parties contract for themselves only. *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 362 (5th Cir. 2003) (citing *Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1075-76 (5th Cir. 2002)). However, in limited circumstances, non-signatories may be held to the terms of a forum-selection clause. *Weatherford Int'l LLC v. Binstock*, 452 F. Supp. 3d 561, 570 (S.D. Tex. 2020) (citing *In re Lloyd's Register North America, Inc.*, 780 F.3d 283, 291 (5th Cir. 2015)). Courts have recognized six theories that may permit such enforcement: (1) incorporation by reference; (2) assumption; (3) agency; (4) alter ego; (5) equitable estoppel; and (6) third-party beneficiary. *Id.*; *see also Bridas*, 345 F.3d at 356 (recognizing these theories in the context of determining whether a non-signatory is bound to an arbitration agreement) (citation omitted); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005) (same) (citation omitted). The party seeking to enforce a forum-selection clause against a non-signatory bears the burden to identify and prove a theory under which the non-

signatory may be bound. *See Carlile Bancshares, Inc. v. Armstrong*, Nos. 02-14-00014-CV & 02-
14-00018-CV, 2014 WL 3891658, at *7 (Tex. App. – Fort Worth Aug. 7, 2014, no pet.) (mem.
op.) (citing *CNOOC Se. Asia Ltd. v. Paladin Res. (SUNDA) Ltd.*, 222 S.W.3d 889, 894 (Tex. App.
– Dallas Apr. 24, 2007, pets. denied) (op. on reh'g)).

In this case, MaxoTech has not identified a cognizable theory under which Pradeep and
Kiran may be bound to the forum-selection clause. Without citing any authority, MaxoTech
contends that the terms of the Supplier Agreement are applicable to Kiran and Pradeep because
they are incorporated into the Pradeep SOW and Kiran Work Orders. Resp. 10-11. However,
Pradeep and Kiran are not parties to, and did not sign, the Pradeep SOW and Kiran Work Orders.
Pl.'s Ex. 30-34. Thus, even if the Pradeep SOW and Kiran Work Orders did incorporate the terms
of the Supplier Agreement, which Defendants dispute with regard to the Pradeep SOW, MaxoTech
fails to explain how these agreements bind Pradeep and Kiran as non-signatories. Although
MaxoTech asserts that Pradeep and Kiran admitted to providing services pursuant to the applicable
work orders, Resp. 11, MaxoTech has not cited any authority or advanced any recognized theory
indicating that this would render the agreements binding on Pradeep and Kiran as non-parties and
non-signatories.

The only theory that is even mentioned in the briefing—albeit by the moving Defendants—
is the theory of third-party beneficiary. According to the moving Defendants, they were not third-
party beneficiaries of the Supplier Agreement, which MaxoTech does not dispute or otherwise
address in its Response. Mot. ¶ 19. Even if MaxoTech had properly asserted this theory, for the
reasons explained below, the Court agrees with the moving Defendants that they are not third-
party beneficiaries.

There is a presumption against conferring third-party beneficiary status to non-signatories. *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 420 (Tex. 2011); *Pre-War Art, Inc. v. Stanford Coins & Bullion, Inc.*, Civil Action No. 3:09-cv-0559-N, 2013 WL 12177044, \*8 (N.D. Tex. Mar. 19, 2013) (noting the presumption against third-party beneficiaries is a "strong one"). All doubts regarding the parties' intent must be resolved against conferring third-party beneficiary status. *First Bank*, 519 S.W.3d 95, 103 (Tex. 2017) (citation omitted). "It is bedrock Texas law that a third party to a contract may only recover on a contract if the contracting parties intended to secure some benefit to that third party and entered into the contract directly for the third party's benefit." *Baldwin v. Mortg. Elec. Registration Sys., Inc.*, Civil Action No. 4:19-CV-03921, 2020 WL 4227591, \*3 (S.D. Tex. June 8, 2020) (citing *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002)). The intention of the parties is controlling and must be "clearly and fully spelled out" in the contract. *Basic Cap. Mgt., Inc. v. Dynex Com., Inc.*, 348 S.W.3d 894, 900 (Tex. 2011) (citation omitted); *see also Baldwin*, 2020 WL 4227591, \*3 (explaining that the parties' intent must be gleaned from the contractual language) (citation omitted). It does not matter if the third party directly or indirectly benefits from the parties' performance, or if the parties knew the third party would benefit, or if the third party expected to benefit from the contract. *First Bank*, 519 S.W.3d at 103. Moreover, to create a third-party beneficiary, the contracting parties must have intended the third party to be a "claimant" in the event of a breach. *Id.* (citation omitted).

In this case, none of the agreements at issue indicate that Pradeep and Kiran are intended to be third-party beneficiaries. The Supplier Agreement does not mention any of the moving Defendants by name. There is no indication that third parties have the right to be a claimant in the event of a breach. Although the Pradeep SOW and Kiran Work Orders identify Pradeep and Kiran by name and indicate the hourly rate that will be paid to PamTen for their services, there is no

9

indication that payment for services flow directly to Pradeep and Kiran, that these agreements create any rights pursuant to which they could sue in the event of a breach, or that these agreements confer any other direct benefits to Pradeep and Kiran. Pl.'s Ex. 30-34.

Resolving all doubts against third-party beneficiary status, the Court finds that Pradeep and Kiran are not third-party beneficiaries of the Supplier Agreement, Pradeep SOW, or Kiran Work Orders. The Court further finds that MaxoTech has failed to carry its burden to identify and prove a theory under which Kiran and Pradeep could be bound by the Supplier Agreement's forum-selection clause.

### (2) *General Jurisdiction*

The prototypical forum for the exercise of general jurisdiction over an individual is the individual's domicile. *Daimler AG*, 571 U.S. at 137 (citation omitted). It is undisputed that the moving Defendants are not domiciled in Texas. Compl. ¶¶ 3-5. Although MaxoTech generally alleges in its Complaint that this Court has general jurisdiction over Defendants, MaxoTech dropped this argument in its Response. *Id.* ¶¶ 7-10. Moreover, MaxoTech has not alleged any facts to show that the moving Defendants' affiliations with Texas were so "continuous and systematic" as to render them essentially "at home" in Texas. *Daimler AG*, 571 U.S. at 127. Accordingly, after accepting MaxoTech's uncontroverted allegations as true and resolving all conflicts in its favor, the Court finds that MaxoTech has not met its burden to make a prima facie showing that the Court has general jurisdiction over the moving Defendants.

### (3) *Specific Jurisdiction*

MaxoTech argues that the moving Defendants formed sufficient contacts with Texas to permit the exercise of specific jurisdiction because they knowingly contracted with a Texas entity. Resp. 11-12, 16-17. It is well-established that "merely contracting with a resident of the forum state does not establish minimum contacts." *McFadin*, 587 F.3d at 760 (citations omitted). Factors

10

to consider include: (1) where the contract was formed; (2) where it would be performed; (3) the hub of the parties' activity; (4) where payments under the contract were tendered; (5) any choice of law provision in the contract; and (5) the foreseeability that a material part of the obligations under the contract would be performed in the forum. *See Special Indus., Inc. v. Zamil Group Holding Co.*, 578 F.App'x 325, 331 (5th Cir. 2014) (citation omitted). If, however, a nonresident defendant commits a tort in a state, the tortious conduct amounts to sufficient minimum contact to permit a court to exercise personal jurisdiction. *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 314 (5th Cir. 2007) (citing *Guidry v. United States Tobacco Co., Inc.*, 188 F.3d 619, 628 (5th Cir. 1999)).

MaxoTech relies on *Burger King v. Corp. v. Rudzewicz* for the proposition that entering into a contract with a Texas entity that contains a Texas choice-of-law clause is sufficient to establish minimum contacts in Texas. Resp. 15 (citing 471 U.S. 462, 479-80 (1985)). The facts of that case, however, are distinguishable. In *Burger King*, the Supreme Court found that personal jurisdiction over a franchisee who allegedly breached a Burger King franchise agreement with Burger King's Florida corporation did not offend due process where the agreement had a "substantial connection" with Florida. *Id.* (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)). The Supreme Court noted that the franchisee entered into a 20-year relationship that envisioned "continuing and wide-reaching contacts with Burger King in Florida." *Id.* at 480. The Supreme Court also found that it was relevant that the contract documents emphasized that Burger King operations were conducted and supervised from Florida, notices and payments were sent to Burger King in Florida, the agreements were made and enforced in Florida, Burger King's Florida office resolved all problems that arose with the out-of-state franchise, the franchisees continuously communicated by phone and mail with Burger King in Florida, and key negotiating decisions that

11

led to the litigation were made in Florida. *Id.* at 480-81. Although the Supreme Court found that it was relevant that the franchise documents contained a Florida choice-of-law provision, the Supreme Court stated that the choice-of-law provision would be insufficient standing alone to confer jurisdiction. *Id.* at 482.

In contrast, MaxoTech has not alleged that the moving Defendants have had any substantial contacts with Texas. It is undisputed that the moving Defendants are out-of-state residents who signed their respective agreements in New York and performed all work in New York. Mot. ¶¶ 2-8. It is also undisputed that the moving Defendants provided their services to MaxoTech's client Regeneron, a New York corporation. *Id.* ¶¶ 4, 7-8.

A review of the agreements at issue reinforces the finding that these Defendants had few, if any, Texas contacts. The Pradeep Agreement states that notices are to be sent to MaxoTech's Oklahoma address and gives no indication that work is to be performed in Texas. Pl.'s Ex. 42-44. The Kiran Work Orders indicate that Kiran's location is in New York and do not make any reference to Texas. *Id.* at 30-32. Even though the Kiran Work Orders state that PamTen (identified as "Supplier") should send invoices to MaxoTech, the Kiran Work Orders do not indicate that such invoices would be sent to Texas. *Id.* The only Texas reference in either the Pradeep or Lokesh Agreements is the Texas choice-of-law clause. *Id.* at 37, 43. And that is not sufficient to confer specific jurisdiction with respect to MaxoTech's breach of contract claim. With respect to MaxoTech's tort claims, MaxoTech has not alleged that any tortious activity occurred in Texas. Therefore, the Court finds that MaxoTech has not alleged sufficient minimum contacts to confer specific jurisdiction on the moving Defendants.

Furthermore, MaxoTech has not demonstrated that its causes of action arose from the moving Defendants' Texas contacts. Accordingly, because MaxoTech has not met its burden to

show that the moving Defendants have minimum contacts with Texas and that this action arises from their Texas contacts, the Court does not reach whether Defendants' met their burden to show that the exercise of jurisdiction is unfair and unreasonable. *Inmar Rx*, 786 F.App'x. at 449. After accepting MaxoTech's uncontroverted allegations as true and resolving all conflicts in its favor, the Court finds that MaxoTech has not met its burden to make a prima facie showing that this Court has specific jurisdiction over the moving Defendants.

### (4)     *Choice-of-Law Clauses*

MaxoTech further alleges that the moving Defendants are subject to this Court's personal jurisdiction because the Supplier Agreement, Pradeep Agreement, and Lokesh Agreement each contain Texas choice-of-law clauses. Compl. ¶¶ 7-9. For the same reasons stated above, the Court finds that the Supplier Agreement's choice-of-law clause is not applicable to Pradeep and Kiran and, therefore, will only consider the Pradeep Agreement's and Lokesh Agreement's choice-of-law clauses. The Pradeep Agreement and Lokesh Agreement contain the following choice-of-law clauses, respectively:

Pradeep Agreement:

12. This Agreement and its validity, performance and effect shall be determined and governed by the laws of Texas notwithstanding the fact that a party now or in the future may reside or be located outside of Texas and notwithstanding conflict-of-law provisions to the contrary.

*Id.* at 43.

Lokesh Agreement:

VII. Arbitration: Any disputes related to this agreement will be governed by the laws of the International Court if candidate has not entered USA or by the laws of the State of Texas, USA if the candidate has entered USA.

*Id.* at 37.

A choice-of-law provision is relevant to the minimum-contacts analysis, but not dispositive. *See Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 223 (5th Cir. 2012) (citation omitted); *Hazim v. Schiel & Denver Pub. Ltd.*, Civil Action No. H-12-1286, 2015 WL 4545534, \*5 (S.D. Tex. July 28, 2015) (citation omitted). The Fifth Circuit has found that a choice-of-law provision, when combined with other factors, *may* reinforce the conclusion that a defendant deliberately affiliated with the forum and that litigation in that forum was foreseeable, but has made clear that a choice-of-law provision is not sufficient in and of itself to establish personal jurisdiction. *Pervasive Software Inc.*, 688 F.3d at 223 (emphasis added) (citation omitted). Because the Court finds that MaxoTech has not established that the moving Defendants have sufficient Texas contacts to establish general or specific jurisdiction (as set forth above), the Court finds that the choice-of-law clauses at issue are not sufficient to confer personal jurisdiction over Pradeep and Lokesh.

## IV. CONCLUSION

For the reasons stated above, Defendants Pradeep Karuvaril, Kiran Kumar Kasi, and Lokesh Sukhadeo Sorate's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction is GRANTED.

**SO ORDERED.**

SIGNED November 3, 2020.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**